**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-305-SLP |
| | ) | |
| STEVEN JOE WAYNE JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion for Adjustment of Sentence [Doc. No. 60]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 63] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 61]. For the reasons that follow, Defendant's Motion for Adjustment of Sentence is DISMISSED.

**I.     Background**

On July 25, 2023, Defendant pleaded guilty to a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* [Doc. Nos. 1, 14]. On February 23, 2024, the United States Probation Office filed its Final Presentence Investigation Report (PSR). [Doc. No. 24].

The PSR calculated a base offense level of 22, plus a four-level enhancement because the defendant possessed firearms in connection with another felony offense. PSR

[Doc. No. 24] at ¶¶ 20–21.  This resulted in an adjusted offense level of 26.  *Id*. at ¶ 23.

After applying the three-level reduction for acceptance of responsibility, the PSR

calculated a total offense level of 23.  *Id*. at ¶ 19.

The PSR calculated a total criminal history score of 12 for Defendant, placing him

in a criminal history category of V.  *Id*. at ¶¶44-46.  Combining Defendant's total offense

level of 23 and criminal history category of V, the PSR calculated a guideline imprisonment

range of 84 to 105 months.  *Id*. at ¶ 99.  On April 23, 2024, the Court adopted the PSR

without change and sentenced Defendant to 84 months imprisonment.  *See* [Doc. Nos. 31,

33-34].

On May 23, 2025, Defendant filed the pending Motion.  He seeks a reduction

pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.

## II.    **Standard**

"A district court does not have inherent authority to modify a previously imposed

sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*,

118 F.3d 707, 709 (10th Cir. 1997).  One source of statutory authorization is section 3582

which allows for a possible reduction for a defendant "who has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon v. United States*, 560

U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the

Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility

for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step

two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect November 1, 2023.  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).  However, Defendant is ineligible for a reduction under Amendment 821because his sentencing took place in April 2024—nearly 6 months after Amendment 821 took effect.  Thus, Defendant would have already received any benefit that Amendment 821 would offer.  A sentence reduction, therefore, is not authorized under 18 U.S.C. § 3582(c)(2) and Amendment 821.  Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence.  *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion for Adjustment of Sentence [Doc. No. 60] is DENIED.

IT IS SO ORDERED this 19th day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE