## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-305-SLP |
| | ) | CIV-24-1114-SLP |
| | ) | |
| STEVEN JOE WAYNE JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody [Doc. No. 55] to which the Government has responded [Doc. No. 58].  Defendant did not file a reply, and the time to do so has passed.  *See* LCvR7.1(h).  Also before the Court is Defendant's Motion for Appointment of Counsel [Doc. No. 56].  Upon review, and for the reasons that follow, the Motions are DENIED.

## I.    Factual and Procedural History

On July 19, 2023, Defendant was charged by Indictment with two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  [Doc. No. 1].  Count 1 was based on possession of a Canik model TP9 Elite Combat 9mm caliber pistol on or about February 12, 2022.  *Id.* at 1.  Count 2 was based on possession of a Taurus model G3C 9mm caliber pistol on or about June 3, 2023.  *Id.* at 2.  Defendant entered a guilty plea

to Count 1 of the Indictment on September 8, 2024. [1]  *See* Minute Sheet [Doc. No. 14].

Defendant was represented by appointed counsel, Jason W. Perkins, during the proceedings

in this Court.

Count 1 arose from a traffic stop on February 12, 2022.  PSR [Doc. No. 24] at 4.

Officers with the Oklahoma City Police Department stopped an automobile driven by

Defendant and discovered he did not have a driver's license.  *Id.*  Defendant was instructed

to exit the vehicle and consented to a search of his person.  *Id.*  During the search, the

officers found 1.85 grams of a white crystal-like substance that field tested positive for

methamphetamine, in addition to 9.41 grams of what appeared to be marijuana.  *Id.*  During

a "custodial inventory" of Defendant's vehicle, officers located the Canik 9mm pistol.  *Id.*;

*see also* Indictment [Doc. No. 1].  The officers ran Defendant's information and discovered

he had a prior felony conviction.  PSR [Doc. No. 24] at 4.  Defendant was arrested without

incident and posted bond on the same date.  *Id.*

As noted, Defendant pleaded guilty to Count 1 of the Indictment on September 8,

2023.  *See* Minute [Doc. No. 14].  At that time, Defendant confirmed on the record that he

had discussed the charges against him, the potential punishment, and his case in general

with his counsel.  *See* Plea Hr'g Tr. [Doc. No. 47] at 5-6.  Defendant also repeatedly

confirmed his understanding of the waiver of appellate rights and rights to collaterally

challenge his sentence set forth in the plea agreement.  *Id.* at 9-11.

---

[1] Count 2 of the Indictment was dismissed on motion of the Government pursuant to the plea
agreement. *See* Order of Dismissal [Doc. No. 32].

On April 24, 2024, Defendant was sentenced to eighty-four (84) months imprisonment on Count 1, followed by a three-year term of supervised release. *See* Judgment [Doc. No. 33] at 2-3. That sentence was within the advisory guideline range of 84-105 months. *See* Final PSR [Doc. No. 24] at 23. Defendant filed a direct appeal challenging his sentence and a four point enhancement in the Final PSR. *See* Notice of Appeal [Doc. No. 35]. His appeal was dismissed on September 11, 2024 after the Government moved to enforce the appellate waiver in the plea agreement and Defendant conceded dismissal. *See* Order and Judgment [Doc. No. 50] at 1-2.

## II.    Defendant's § 2255 Motion

Defendant filed his § 2255 Motion on October 21, 2024. [Doc. No. 55]. He raises one ground: "[i]neffective assistance of counsel for failure to advise [him] of grounds to file motion to suppress and failure to file motion to suppress." *Id.* at 3. Defendant does not include any facts or evidence supporting that claim in the Motion. *See generally id.* Instead, Defendant attaches a letter sent to him by his court-appointed appellate counsel, Dean Sanderford, which states that it was written "to summarize the basis of an ineffective assistance of counsel claim that [he] could bring pursuant to 28 U.S.C. § 2255." [Doc. No. 55-1]. That letter primarily consists of a legal argument regarding suppression of the Canik 9mm pistol upon which Count 1 was based. *See id.* Mr. Sanderford states his belief that, based on the facts described to him by Defendant, impoundment of Defendant's vehicle

3

was unlawful and therefore evidence of the firearm would have been suppressed had counsel filed a motion seeking such relief. *Id.* at 1-3.[2]

III.    **Discussion**

   A.    **Defendant's Motion to Appoint Counsel**

The Court does not find that the appointment of counsel is necessary for resolution of Defendant's § 2255 Motion.  Defendant requests counsel "is needed for a[n] evidentiary hearing." [Doc. No. 56] at 2.  Rule 8(c) of the Rules Governing Section 2255 Proceedings only requires appointment of counsel if an evidentiary hearing on the motion is deemed necessary.  Rules Governing Section 2255 Proceedings, Rule 8(c), 28 U.S.C. § 2255 (2025) ("*If an evidentiary hearing is warranted*, the judge must appoint an attorney . . . .") (emphasis added).  The Tenth Circuit has found an evidentiary hearing is unnecessary when a district court is able to resolve the issues through the briefings submitted to the court.  *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) ("Given the conclusory nature of Defendant's allegations, the district court's denial of an evidentiary hearing was not an abuse of discretion."); *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir.2004) ("District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."); *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (finding no hearing

---

[2] The Court liberally construes Defendant's Motion to include the arguments set forth in the letter from his appellate counsel. *Cf. United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (Courts should "consider contemporaneous memoranda [submitted by a pro se litigant] in support of motions in order to fully interpret a movant's claim.").

is required where defendant's § 2255 motion may be resolved on the record before the court). Based on the record before the Court, the Court does not find that an evidentiary hearing is warranted. *See* Rules Governing Section 2255 Proceedings, Rule 8(a), 28 U.S.C. § 2255 (2025).[3] As such, the appointment of counsel for Defendant is unnecessary, and Defendant's Motion to Appoint Counsel [Doc. No. 57] is DENIED.

### B.    Motion to Vacate

Defendant's ineffective assistance of counsel claims are governed by the well-established framework set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish ineffective assistance of counsel, a movant must show (1) that counsel's representation was deficient because it "fell below an objective standard of reasonableness" and (2) that counsel's "deficient performance prejudiced the defense." *Id.* The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Thus, "[s]urmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Where, as here, a defendant has entered a guilty plea, the court does "not assess the merits of pre-plea constitutional claims but instead asks whether ineffective assistance of counsel caused defendants to enter their guilty pleas involuntarily and unknowingly."[4]

---

[3] Additionally, the Court does not find the appointment of counsel is in "the interests of justice." *See* 18 U.S.C. § 3006A(a)(2)(B). As noted by the Supreme Court, Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant requested the appointment of counsel for the sole purpose of an evidentiary hearing, which the Court does not find necessary.

[4] The Court notes at the outset that Defendant does not argue his guilty plea was not knowing or voluntary.

*United States v. Spaeth*, 69 F.4th 1190, 1213 (10th Cir. 2023). "To show prejudice in 'the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice.'" *United States v. Kearn*, 90 F.4th 1301, 1306 (10th Cir. 2024) (quoting *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)). "The prejudice inquiry is largely objective." *Id.* (citing *United States v. Dominguez*, 998 F.3d 1094, 1111 (10th Cir. 2021)).

Even if all of Defendant's contentions about a suppression motion are correct, his claim still fails because he has not shown prejudice.[5] As noted, there is no dispute that the Government dismissed Count 2 (which carried the greater fifteen year statutory maximum) pursuant to the plea agreement. *See* Plea Agreement [Doc. No. 15] at 13. Although he contends Count 1 would have been dismissed had his counsel filed a suppression motion, Defendant does not state—either in his Motion or in the attached letter from his appellate counsel—that he would have gone to trial on Count 2 or that he otherwise had any defense to that charge. Defendant's only argument that potentially relates to prejudice is the following statement by his appellate counsel:

> Although the dismissed count carried a higher statutory maximum, your sentencing guidelines range would likely have been lower for the dismissed count because you received a two-level upward adjustment for the count you pled guilty to because the firearm was capable of accepting a large capacity magazine. It appears from the presentence report that the gun underlying the dismissed count was not such a weapon.

---

[5] "It is permissible for a reviewing court, if it so chooses, to proceed directly to the prejudice prong of the *Strickland* analysis." *United States v. Moreira*, 416 F. App'x 803, 806 (10th Cir. 2011) (citing *Strickland*, 466 U.S. at 697); *see also Hooks v. Workman*, 689 F.3d 1148, 1186 (10th Cir. 2012) ("These two prongs may be addressed in any order, and failure to satisfy either is dispositive.").

[Doc. No. 55-1] at 3.  Accordingly, Defendant essentially contends that the plea agreement did not benefit him because he could have potentially received a lower sentence on Count 2.[6]

As set forth, Defendant does not contend that, but for his counsel's errors, he "would not have pleaded guilty and would have insisted on going to trial" on Count 2.  *See Heard v. Addison*, 728 F.3d 1170, 1176 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)); *see also United States v. Moya*, 676 F.3d 1211, 1213–14 (10th Cir. 2012) ("Defendant has not adequately pleaded prejudice under *Hill* because he has failed to allege that he would not have pleaded guilty absent his attorney's deficiencies."); *United States v. Withrow*, 713 F. App'x 769, 773 (10th Cir. 2017) (declining to issue a certificate of appealability on an ineffective assistance of counsel claim based on failure to investigate a firearm enhancement because the Defendant merely "argue[d] that he might have received a lesser sentence—not that he would have proceeded to trial.").

Nevertheless, Defendant may show prejudice for purposes of his ineffective assistance of counsel claim by "show[ing] a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge

---

[6] Although he did not expressly state as much, Defendant's appellate counsel must have assumed he would have pleaded guilty on Count 2 because the sentencing guideline range would not have been lower had he been convicted of Count 2 at trial, even if his factual contention about the firearm not being capable of accepting a large capacity magazine is correct.  Specifically, accepting that latter point as true, the two-point decrease in his base offense level would be offset by not having the three point-decrease for acceptance of responsibility had he been convicted on Count 2 at trial, resulting in the same total offense level of 23 that he had for Count 1.  *See* PSR [Doc. No. 24] at 5-6; *see also* U.S.S.G. § 3E1.1(a), (b); *id.* § 2K2.1(a)(3), (4).  Accordingly, the only way the advisory guideline range for Count 2 could even potentially be lower would be through a plea of guilty.

or a sentence of less prison time." *See Missouri v. Frye*, 566 U.S. 134, 147 (2012); *see also Moya*, 676 F.3d at 1214 (discussing "[t]he more general test set forth in *Frye*" and applying it in the context of a Defendant claiming ineffective assistance of counsel for failure to "negotiate a plea agreement that preserved his rights to appeal the denial of his suppression motion and to pursue a downward departure"). Defendant has not made that showing.

As noted, Count 2 carried a five-year higher statutory maximum than Count 1. This is no insignificant difference: advisory guidelines are not binding on the Court, and limiting the upper end of Defendant's possible sentence by five years undoubtedly had strategic value. Even as to the advisory guidelines, however, Defendant points to no evidence or portion of the record supporting his assertion that the firearm supporting Count 2 did not contain a large capacity magazine, and he cites nothing in the PSR to that effect. *See* Mot. [Doc. No. 55]; *see also* [Doc. No. 55-1] at 3. Accordingly, Defendant has made no effort to support his assertion that he would have received a lower sentence on Count 2 had he elected to file a motion to suppress instead of pleading guilty to Count 1.[7] *See Guerrero*,

---

[7] Although not acknowledged by Defendant, it appears that the sentence imposed on Count 1 would have been within the advisory guideline range for a sentence on Count 2 even if Defendant's contentions were taken as true. The base offense level for Count 1 was 22 because it involved a firearm capable of accepting a large capacity magazine and Defendant committed the offense subsequent to sustaining one felony conviction of a crime of violence. *See* PSR [Doc. No. 24] at 5; *see also* U.S.S.G. 2K2.1(a)(3). Even assuming the subject firearm behind Count 2 was not capable of accepting a large capacity magazine, Defendant's base offense level would have been 20 rather than 22. *See* U.S.S.G. 2K2.1(a)(4). After the four point enhancement for possession of a firearm in connection with another felony (possession of a controlled substance) and decreases for acceptance of responsibility, Defendant's total offense level for Count 2 would have been 21, rather than 23. Coupled with a criminal history category of V, Defendant's advisory guideline range would have been 70-87 months. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Defendant's 84-month sentence is still within that range, and he offers no argument as to how the sentence the

488 F.3d at 1316 (explaining that liberal construction of a pro se petitioner's pleading "neither requires the trial court, nor the appellate court, to dig through the record, like a hound to a truffle, in search of a claim."). Finally, Defendant offers no explanation as to how sentencing on Count 2 would have been any different, let alone lower, as it relates to the other sentencing factors. *See* 18 U.S.C.A. § 3553(a).

Accordingly, Defendant's speculative assertion that his sentence "would likely have been lower for [Count 2]" is insufficient to establish prejudice. *See United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995) ("Without any showing that . . . the resulting sentence would have been different than that imposed under the Sentencing Guidelines, all that the Defendant urges is speculation, not a reasonable probability that the outcome would have been different. Accordingly, he cannot establish prejudice."); *see also Moya*, 676 F.3d at 1213 ("[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994))); *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) ("[M]ere speculation is not sufficient to satisfy this burden.").

For all these reasons, Defendant's claim for ineffective assistance of counsel fails for lack of prejudice even if the Court were to assume he had a viable motion to suppress as to Count 1.

---

Court chose would have been shorter than that which he received for Count 1. At bottom, Defendant merely speculates that his sentence would have been different, and he cites nothing in the record in support.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 55] and Defendant's Motion for Appointment of Counsel [Doc. No. 56] are DENIED.  A separate judgment shall be entered.

IT IS FURTHER ORDERED that  pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant.  A COA may be issued only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  To make this showing, Defendant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]'" *United States v. Manzanares*, 956 F.3d 1220, 1226-27 (10th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a COA is DENIED and the denial shall be included in the judgment.

IT IS SO ORDERED this 19th  day of December, 2025.


_____

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE